UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PACIFIC SHORES PROPERTY
OWNERS ASSOCIATION, et al.,

    Plaintiffs,

    v.

FEDERAL AVIATION
ADMINISTRATION, et al.,

    Defendants.
_____/

No. C 13-2827 PJH

**ORDER GRANTING MOTION TO DISMISS**

The motion of defendant Federal Aviation Administration ("FAA") for an order dismissing the claim asserted against it came on for hearing before this court on November 20, 2013. Plaintiffs appeared by their counsel Kelly Smith, and the FAA appeared by its counsel Michael Pyle. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion as follows for the reasons stated at the hearing.

The dismissal is with leave to amend. Plaintiffs' counsel confirmed at the hearing that the sole cause of action asserted against the FAA is a claim under 42 U.S.C. § 4655, which is part of the Uniform Relocation Assistance and Real Property Act, 42 U.S.C. § 4600, et seq.

Section 4655 provides that "notwithstanding any other law," the federal agency head shall not grant any approvals or funding unless

> receiving satisfactory assurances from such acquiring agency that: (1) in acquiring real property it will be guided, to the greatest extent practicable under State law, by the land acquisition policies in section 4651 of this title and the provisions of section 4652 of this title, and (2) property owners will be paid or reimbursed for necessary expenses as specified in section 4653 and 4654 of this title.

42 U.S.C. § 4655.  In the amended complaint, plaintiffs must allege facts sufficient to support the elements of § 4655, such that they can state a plausible claim under the statute.

At the hearing, counsel for the FAA stated that he had "sent counsel assurances last week," and that plaintiffs could thus not state a claim under § 4655.  Counsel for plaintiffs responded that he had not received any assurances from counsel for the FAA.  The court reminds counsel for plaintiffs that in amending the complaint, he must be cognizant of his responsibilities under Federal Rule of Civil Procedure 11(b), in particular as to whether "the factual contentions have evidentiary support . . . ."

The amended complaint shall be filed no later than December 18, 2013, and defendants' response shall be filed no later than 21 days thereafter.  The amended complaint shall add no new parties or causes of action unless plaintiffs first obtain leave of court or the agreement of the defendants.

**IT IS SO ORDERED.**

Dated:  November 21, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge