UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PACIFIC SHORES PROPERTY
OWNERS ASSOCIATION, et al.,

    Plaintiffs,

    v.

FEDERAL AVIATION
ADMINISTRATION, et. al.,

    Defendants.

_____/

No. C 13-2827 PJH

**ORDER GRANTING MOTION FOR LEAVE TO INTERVENE**

Before the court is the motion of Maxine Curtis, Michael Headley, Earl McGrew, Mimi and Bob Stephens, Northcoast Environmental Center, and Smith River Alliance ("applicants") for leave to intervene as defendants in the above-entitled action. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion.

## BACKGROUND

On June 19, 2013, petitioners/plaintiffs Pacific Shores Property Owners Association and William A. Ritter ("plaintiffs") filed a petition/complaint against respondents/defendants Federal Aviation Administration ("FAA") and Border Coast Regional Airport Authority ("the Authority"). The Authority plans to expand Del Norte County Regional Airport ("the airport"). To offset the expansion's impact on the environment, the Authority plans to acquire undeveloped properties in the Pacific Shores Subdivision ("the subdivision") and keep the properties in a natural state. Plaintiffs own properties in the subdivision and their

action relates to the Authority's plan.

The "Petition and Complaint" asserts five causes of action – (1) a claim of violation of the Uniform Relocation Assistance and Real Property Act, 49 C.F.R. § 24 ("URA"), against the FAA and the Authority;[1] (2) a claim under 42 U.S.C. § 1983 of violation of the Fifth Amendment Due Process Clause and "Civil Rights," against the Authority; (3) a claim for inverse condemnation damages, against the Authority; (4) a claim of violation of the California Environmental Quality Act, Cal. Govt. Code § 21000, et seq., against the Authority; and (5) a claim of violation of the Constitutional prohibition against private gifts of public money, Cal. Const. Art. XVI, § 6, against the Authority. Plaintiffs seek, among other things, that the court "enjoin any action of the Authority to further acquire private property within the subdivision. . . ." Complaint, ¶ 76.

On October 10, 2013, the FAA moved to dismiss the sole claim against it. On November 21, 2013, the court granted the motion to dismiss with leave to amend.

On October 16, 2013, applicants moved to intervene as defendants, asserting that they all own parcels within the subdivision, and all wish to retain their ability to sell those parcels to the Authority. Applicants seek intervention as of right, or, in the alternative, permissive intervention. The FAA and the Authority filed statements of non-opposition to the motion. Plaintiffs, on the other hand, oppose the motion.

**DISCUSSION**

A. Legal Standard

Federal Rule of Civil Procedure 24 governs intervention. Under Rule 24, there are two methods for intervention – intervention as of right, and permissive intervention. Intervention is permitted as of right either when a federal statue authorizes intervention, or when

> the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of

---

[1] It appeared to the court that plaintiffs were attempting to allege a claim under 42 U.S.C. § 4651. At the hearing on the FAA's motion to dismiss, plaintiffs' counsel clarified that the URA claim was being brought under § 4655, not under § 4651.

2

>the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2).

Intervention as of right involves a four-part test. <u>League of United Latin American Citizens v. Wilson</u>, 131 F.3d 1297, 1302 (9th Cir. 1997). Specifically, an applicant must demonstrate (1) that the application is timely; (2) that the applicant has a "significantly protectable interest" relating to the property or transaction involved in the pending lawsuit; (3) that disposition of the lawsuit may adversely affect the applicant's interest; and (4) that the existing parties do not adequately protect the applicant's interests. <u>Southwest Ctr. for Biological Diversity v. Berg</u>, 268 F.3d 810, 817-18 (9th Cir. 2001). While an applicant has the burden to show that all four elements are met, motions to intervene as of right are interpreted broadly in favor of intervention. <u>Prete v. Bradbury</u>, 438 F.3d 949, 954 (9th Cir. 2006).

Where an applicant seeks to intervene without alleging new claims, permissive intervention requires only that the application is timely and the applicant "have a question of law or fact in common" with the underlying action. Fed. R. Civ. P. 24(b); <u>see</u> <u>Freedom from Religion Found., Inc. v. Geithner</u>, 644 F.3d 836, 843-44 (9th Cir. 2011).

B.   Applicants' Motion for Leave to Intervene

Applicants seek leave to intervene as of right under Fed. R. Civ. P. 24(a)(2), or, alternatively, argue that the court should exercise its discretion to permit intervention under Fed. R. Civ. P. 24(b)(1)(B). Because the court finds applicants satisfy the requirements for intervention as of right, the court grants the motion on that ground and does not reach the question of permissive intervention.

Applicants satisfy the four-part test for intervention as of right. First, the proposed intervention is timely because the action is at an early stage and intervention will not prejudice the existing parties. See <u>Nw. Forest Res. Council v. Glickman</u>, 82 F.3d 825, 836-37 (9th Cir. 1996). Plaintiffs filed their initial complaint less than six months ago, and the existing parties have not yet litigated the merits of the claims. The court did grant the

FAA's motion to dismiss on November, 21, 2013, but applicants' motion for leave to intervene predates that order.  Notably, plaintiffs fail to argue that applicants' intervention is untimely or would cause prejudice.

Second, applicants have a significant protectable interest relating to the property involved in the lawsuit.  This case concerns the Authority's attempt to acquire properties in the subdivision.  As landowners in the subdivision, plaintiffs brought their claims against the Authority because they are impacted by the Authority's attempt to acquire properties.  No less so, however, will the Authority's attempt impact applicants, who all own property in the subdivision and all intend to sell their respective parcels to the Authority.  As landowners, applicants have a significant protectable interest in retaining the ability to sell their properties to whom they see fit.

Third, disposition of the lawsuit may adversely impact applicants' interests.  Plaintiffs seek to "enjoin any action of the Authority to further acquire property within the subdivision. . . ."  Complaint, ¶ 76.  If plaintiffs succeed in acquiring this relief, it will adversely impact applicants' interests in retaining the option to sell their properties to the Authority.

Plaintiffs misunderstand the relationship required between applicants' interests and the lawsuit.  Plaintiffs argue that applicants' interests do not adequately relate to the lawsuit because plaintiffs only challenge the actions of the FAA and the Authority, and the laws plaintiffs employ in these challenges only apply to governmental entities.  However, "[n]o part of Rule 24(a)(2)'s prescription engrafts a limitation on intervention of right to parties liable to the plaintiffs on the same grounds as the defendants."  Wilderness Soc. v. U.S. Forest Service, 630 F.3d 1173, 1178-79 (2011).  It is enough that (1) the lawsuit revolves around the Authority's attempt to acquire properties in the subdivision, (2) plaintiffs seek to enjoin this attempt, and (3) applicants are subdivision property owners who wish to sell their properties to the Authority.

Fourth, the existing parties do not adequately protect applicants' interests in retaining the option to sell their properties to the Authority.  "The burden of showing

4

inadequacy of representation is 'minimal' and is satisfied if [applicants] can demonstrate that representation of [their] interests 'may be' inadequate." Citizens for Balanced Use v. Montana Wilderness Ass'n, 647 F.3d 893, 898 (9th Cir. 2011) (quoting Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003)). Plaintiffs suggest that the court should apply a more rigorous standard requiring a "very compelling showing that the government will not adequately represent [applicants'] interests." See Gonzalez v. Arizona, 485 F.3d 1041, 1052 (9th Cir. 2007) (citation omitted). The court declines to do so, however, because this is not a case like Gonzalez where "'the government is acting on behalf of a constituency it represents'" by defending a law of general application. See id. (citation omitted).

Indeed, while the Authority seeks to acquire properties in the subdivision, it only does so as a means to the end of offsetting the environmental impacts of the airport expansion. It is uncontested that the Authority may seek to acquire alternative properties that lie outside the subdivision that will serve the Authority's purpose just as well as properties within the subdivision. In contrast, applicants are interested only in being able to sell their properties, and applicants have noted that the Authority is the sole available buyer. Given their divergent goals, applicants may well defend the Authority's attempted acquisitions of subdivision properties more vigorously than the Authority will.

Moreover, plaintiffs do not adequately represent applicants because plaintiffs and applicants have divergent interests – the former want to prevent the Authority from acquiring properties in the subdivision whereas the latter want to enable it. Accordingly, applicants have made at least the required "minimal" showing under the fourth element. See Citizens for Balanced Use, 647 F.3d at 898.

**CONCLUSION**

For the forgoing reason, the court hereby GRANTS applicants' motion for leave to intervene, conditioned on applicants' participating in the lawsuit with one voice. In other words, the court will permit a single joint brief for any motion practice or a single joint presentation at any trial that may be conducted.

5

Additionally, plaintiffs' counsel is advised that he must familiarize himself with the Civil Local Rules of this District. Both the opposition to this motion and the opposition to the motion to dismiss were filed late, assertedly because plaintiffs' counsel followed the local rules from the Eastern District of California. Any future late filings will not be considered by the court.

**IT IS SO ORDERED.**

Dated: November 26, 2013

PHYLLIS J. HAMILTON
United States District Judge